UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSERVATION CONGRESS and the CITIZENS FOR BETTER FORESTRY,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES FOREST SERVICE, and the UNITED STATES FISH AND WILDLIFE SERVICE,<br><br>Defendants. | No. 2:13-cv-00934-JAM-DB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD** |

In 2012, Conservation Congress and the Citizens for Better Forestry sued the United States Forest Service and the United States Fish and Wildlife Service. Compl., ECF No. 1. Plaintiffs alleged that by approving the "Pettijohn Project," a fuel-reduction project that would require cutting down trees in Shasta-Trinity National Forest, the two agencies violated the Endangered Species Act (ESA), the National Environmental Policy Act (NEPA), the National Forest Management Act (NFMA), and the Administrative Procedure Act (APA). See Compl. ¶¶ 2, 10.

The parties stipulated to stay the proceedings after the Forest Service requested additional consultation with the Fish and Wildlife Service on the project. Six years later, the Forest Service issued a Supplemental Information Report ("2019 SIR").

1

First Am. Compl. (FAC) ¶ 60, ECF No. 32.  The 2019 SIR considered new information and modified the Pettijohn Project accordingly. Id.  In response, Plaintiffs filed an amended complaint, alleging the project still violated the ESA, NEPA, NFMA, and APA.  See FAC, ECF No. 32.  Plaintiffs also filed a motion to supplement the administrative record.  See Memo. ISO Mot. to Supp. Admin. Record ("Mot."), ECF No. 39.[1]

    Plaintiffs seek to supplement the record with the following documents:

1. Future of America's Forests and Rangelands – Update to the Forest Service 2010 Resources Planning Act Assessment, Chapter 6 "Forest Carbon" (USDA Sept. 2016), cited in 2012 FEIS, USFS AR Record No. 34 at PAR-00054 (Exhibit A, Declaration of Sean Malone (Malone Decl.));
2. Brandt, Leslie; Shultz, Courtney (June 2016). Climate Change Considerations in National Environmental Policy Act Analysis. U.S. Department of Agriculture, Forest Service, Climate Change Resource (Exhibit B, Malone Decl.); and
3. Process Paper for the Interim Baseline Adjustment for Northern Spotted Owl and its Critical Habitat: 2008 through 2018 Wildfires (USFWS Dec. 20, 2018) (Exhibit C, Malone Decl.).

Mot. at 3.

///

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for April 21, 2020.

In Plaintiffs' opening brief, they requested to supplement the administrative record on all three of their ESA claims (Claims I, II, III) with all three exhibits. Mot. at 3. They also sought to supplement the record on their two NEPA claims (Claims VII, IX) with Exhibits A and B. Mot. at 10. Ultimately, the parties agreed to supplement the administrative record of Plaintiffs' failure-to-reinstate-consultation claim and Plaintiffs' failure-to-supplement claim with Exhibit C. See Opp'n at 1, ECF No. 43; Reply at 2, ECF No. 44. Moreover, Plaintiffs withdrew their request to supplement the record of their ESA claims with Exhibits A and B.[2] Bearing these developments in mind, the Court is left to review the following: (1) Plaintiffs' request to supplement the administrative record of Claims I and II with Exhibit C, and (2) Plaintiffs' request to supplement the administrative record of Claims VII and IX with Exhibits A and B.

For the reasons set forth above, the Court grants in part and denies in part plaintiffs' motion to supplement the administrative record. The Court grants Plaintiffs' motion to supplement the record of their NEPA failure-to-supplement claim with Exhibits A and B. The Court also grants Plaintiffs' motion

---

[2] Plaintiffs' reply brief states they "withdraw[] [their] request to add Exhibits A and B to the administrative record in support of [their] NEPA claims under the Ninth Circuit's ESA citizen suit exception." Reply at 3 (emphasis added). The Court infers that Plaintiffs intended to withdraw their request to add Exhibits A and B to the administrative record of their ESA claims, not their NEPA claims. Plaintiffs' opening brief argued that the ESA citizen suit exception only applies to their ESA claims. Mot. at 3-9. Moreover, pages 4-6 of Plaintiffs' reply brief suggests they still want to supplement the administrative record for their NEPA claims with Exhibits A and B.

3

to supplement the administrative record of their ESA claims with Exhibit C. The Court, however, denies Plaintiffs' motion to supplement the record of their NEPA hard-look claim with Exhibit A or B.

I. OPINION

The APA "provides a right to judicial review of all 'final agency action for which there is no other adequate remedy in a court.'" Bennett v. Spear, 520 U.S. 154, 175 (1997). Generally, "courts reviewing an agency decision are limited to the administrative record." Lands Council v. Powell, 395 F.3d 1019, 1029 (9th Cir. 2005) (citing Fla. Power & Light Co. v. Lorion, 470 U.S. 729, 743-44 (1985)). A "records review" case "typically focuses on the administrative record in existence at the time of the [agency's] decision and does not encompass any part of the record that is made initially in the reviewing court." Id. at 1029-30 (quoting Southwest Ctr. For Biological Diversity v. United States Forest Serv., 100 F.3d 1443, 1450 (9th Cir. 1996)). But this general rule is not without exception. Id. at 1030.

A. NEPA Claims

It is well-established that "district courts are permitted to admit extra-record evidence: (1) if admission is necessary to determine 'whether the agency has considered all relevant factors and has explained its decision,' (2) if 'the agency has relied on documents not in the record,' (3) 'when supplementing the record is necessary to explain technical terms or complex subject matter,' or (4) 'when plaintiffs make a showing of agency bad faith.'" Id. (quoting Southwest Ctr., 100 F.3d at

4

1450).  The "Lands Council exceptions" are "widely accepted" but "narrowly construed."  Id.  District courts only employ these exceptions when necessary to "identify and plug holes in the administrative record."  Id.

Plaintiffs request the Court supplement the record of Claims VII and IX with Exhibits A and B under Lands Council's "all relevant factors" exception.  Exhibit A is a September 2016 update to the Forest Service's Resource Planning Act Assessment and Exhibit B, published in June 2016, is a Forest Service resource that details how to account for climate change when conducting a NEPA analysis.  See Exs. A-B to Mot.  As Defendants argue, different administrative records apply to these claims "because Plaintiffs' hard-look claim challenges final agency action . . . while their failure-to-supplement claim seeks to compel agency action unlawfully withheld or unreasonably delayed under the APA."  Opp'n at 12.  Defendants contend it is improper to supplement Plaintiffs' hard-look claim because Exhibits A and B both post-date the 2012 agency action challenged.  Id. at 13-14.  And supplementing Plaintiffs' failure-to-supplement claim is improper, Defendants argue, because (1) the agencies did not consider Exhibits A and B in issuing the SIR, and (2) both exhibits are irrelevant to Plaintiffs' claims.  Opp'n at 16.

        1.  *Hard-look Claim (Claim VII)*

The Court agrees that it is inappropriate to supplement the record of Plaintiffs' hard-look claim with Exhibits A or B.  In support of their hard-look claim, Plaintiffs allege, "[t]he Record of Decision for the Pettijohn Project violates NEPA because it fails to adequately analyze and disclose the direct,

5

indirect, and cumulative effects of the Pettijohn Project." FAC ¶ 171. As both parties acknowledge, the Forest Service issued the Record of Decision ("2013 ROD") in March 2013. Mot. at 2; Opp'n at 2. Both parties also agree that Exhibits A and B post-date the 2013 ROD. Mot. 10-12; Opp'n at 13-14. Defendants contend that this fact alone precludes judicial consideration of the proffered documents—even under the Lands Council exceptions. Opp'n at 13-14; see also Tri-Valley CAREs v. U.S. Dept. of Energy, 671 F.3d 1113, 1130 (9th Cir. 2012) (finding the Lands Council exceptions "only appl[y] to information available at the time [of the decision], not post-decisional information."). Plaintiffs, on the other hand, seem to argue that the agencies' 2019 SIR was tantamount to an amended ROD. See Mot. at 10-11; Reply at 5-6. Under this framework, the relevant timestamp is not the 2013 ROD, but the 2019 SIR. The Court does not, however, find any legal basis for Plaintiffs' proposed timeline.

Plaintiffs cite Standing Rock Sioux Tribe v. U.S. Army Corps of Engineers, 255 F. Supp. 3d 101, 124 (D.D.C. 2017) for the undisputed proposition that when an agency's extended decision-making process results in successive decisions, documents that post-date one decision may nonetheless be part of a later decision's administrative record. Mot. at 11. But Standing Rock Sioux Tribe, 255 F. Supp. 3d at 124 does not answer the question this motion poses. Rather, the issue is whether this Court can properly interpret Plaintiffs' hard-look claim as a challenge to the 2019 SIR, instead of (or in addition to) a challenge to the 2013 ROD. Phrased differently: is the 2019 SIR a "final agency action" challengeable under NEPA?

6

Plaintiffs do not identify any cases where a court has granted an SIR this designation.  Indeed, SIRs are intended to play a "limited role within NEPA's procedural framework."  <u>Idaho Sporting Congress Inc. v. Alexander</u>, 222 F.3d 562, 566 (9th Cir. 2000).  Agencies use these reports to assess the significance of new information.  <u>Id.</u>  But agencies may not use SIRs "as a substitute" for NEPA-mandated reports if they ultimately find the new information significant.  <u>Id.</u>  Absent binding authority to the contrary, the Court finds that equating the 2019 SIR with an amended ROD would categorically push SIRs beyond their intended limits.  The Court views Plaintiffs' hard-look claim as a challenge to the 2013 ROD and finds Exhibits A and B both post-date the decision challenged.  The Court therefore denies Plaintiffs' motion to supplement the administrative record on this claim.

         2.    *Failure-to-Supplement Claim (Claim IX)*

Unlike Plaintiffs' hard-look claim, Plaintiffs' failure-to-supplement claim "is not a challenge to a final agency decision, but rather an action . . . to 'compel agency action unlawfully withheld or unreasonably delayed.'"  <u>Friends of the Clearwater v. Dombeck</u>, 222 F.3d 552, 560 (9th Cir. 2000).  Consequently, "review is not limited to the record as it existed at any point in time, because there is no final agency action to demarcate the limits of the record."  <u>Id.</u>  Under these circumstances, courts may even consider extra-record evidence prepared after the onset of litigation.  See <u>id.</u> at 560-61.  Notwithstanding this temporal flexibility, the APA still bars extra-record evidence unless it falls within one of the <u>Lands Council</u>

exceptions.

    Plaintiffs invoke the "all relevant factors" exception. Mot. at 9-10.  This exception "only applies where supplementing the record is necessary." ForestKeeper v. LaPrice, 270 F. Supp. 3d 1182, 1128 (E.D. Cal. 2017), aff'd, 723 F. App'x 481 (9th Cir. 2018).  Supplementing the record is "necessary" when the administrative record fails to "explain how the [agency used the information before it] and why it reached its decision.'" Id. (quoting Ctr. For Biological Diversity v. Skalski, 61 F. Supp. 3d 945, 951 (E.D. Cal. 2014), aff'd, 613 Fed. App'x 571 (9th Cir. 2015)) (modifications in original).  For example, "[a] court should supplement the record when the agency 'fail[s] to consider a general subject matter." Id.

    Plaintiffs maintain Exhibits A and B are necessary to determine whether the Forest service adequately considered the Pettijohn Project's greenhouse gas impact when it decided not to issue a supplemental FEIS.  Mot. at 10.  Defendants concede the 2019 SIR does not address greenhouse gas emissions.  Opp'n at 15.  They argue the Court should nonetheless exclude the exhibits because Plaintiffs' failure-to-supplement claim does not challenge the agency's consideration of greenhouse gas emissions.  Id. at 15-16.  But as Plaintiffs refute, their failure-to-supplement claim properly incorporates by reference an earlier allegation.  Reply at 6 (citing Fed. R. Civ. Proc. 10(c)).  In Plaintiffs' hard-look claim, they alleged that the Forest service failed to consider "the effect and influence of climate change on the [Pettijohn] Project, as well as the effect and influence of the Project on the climate."  Compl. ¶ 194.

1  Paragraph 203 of the complaint then incorporates that allegation
2  into Plaintiffs' failure-to-supplement claim.  Admittedly,
3  Plaintiffs could have more clearly set forth this theory of
4  liability within the relevant section of their complaint.  But
5  their decision to incorporate the allegation by refence
6  certainly falls within the realm of permissible pleading
7  options.  Fed. R. Civ. Proc. 10(c).
8      Defendants declined to consider the "general subject
9  matter" of greenhouse gas emissions in assessing whether to
10 issue a supplemental SEIS.  Insofar as Plaintiffs' failure-to-
11 supplement claim challenges this decision, Plaintiffs may
12 proffer Exhibits A and B under the "all relevant factors"
13 exception.
14     B.   ESA Claims
15     Far less established than the Lands Council exceptions is
16 what Plaintiffs identify as the "ESA citizen suit exception."
17 See Reply at 3.  As the name suggests, this exception arguably
18 permits parties to present extra-record evidence to the
19 reviewing court in support of a claim arising out of the ESA's
20 citizen suit provision.  See Western Watersheds Project v.
21 Kraayenbrink, 632 F.3d 462, 481-82 (9th Cir. 2011); Washington
22 Toxics Coalition v. EPA, 413 F.3d 1024, 1034 (9th Cir. 2005),
23 abrogated on other grounds by Cottonwood Environ. Law Center v.
24 U.S. Forest Service, 789 F.3d 1075, 1089-91 (9th Cir. 2015).  In
25 Kraayenbrink, the Ninth Circuit reasoned that the APA's scope-
26 of-review limitations did not apply to claims brought under the
27 ESA's citizen suit provision because "the APA applies only where
28 there is 'no other adequate remedy in a court.'"  632 F.3d at

497 (quoting 5 U.S.C. § 704). Finding the ESA's citizen suit provision provides an adequate remedy in court, the Ninth Circuit found the APA's limitation inapplicable and permitted plaintiffs' submission of extra-record evidence. Id.

But district courts within the Ninth Circuit apply Kraayenbrink inconsistently. See Northwest Envir. Advocates v. United States Fish and Wildlife Services, No. 3:18-cv-01420-AC, 2019 WL 6977406, at *13 (D. Or. Dec. 20, 2019) (collecting cases). Indeed, as Northwest Envir. Advocates helpfully illustrates, Kraayenbrink gave rise to both inter- and intra-district splits regarding the propriety of the ESA citizen suit exception. Id. Adding to this uncertainty, at least two Ninth Circuit opinions since Kraayenbrink have denounced extra-record evidence in cases involving ESA citizen suit claims—neither, however, expressly overruled or even discussed Kraayenbrink. See Karuk Tribe of California v. U.S. Forest Service, 731 F.3d 1006, 1017 (9th Cir. 2012) (referring to a suit involving ESA citizen suit claims as a "record review case" and limiting review to the administrative record); San Luis & Delta-Mendota Water Auth. v. Jewell, 747 F.3d 581, 602-04 (9th Cir. 2014) (expressing "serious concerns" that the district court judge considered extra-record evidence in a case involving ESA citizen suit claims).

Although both parties present sound arguments, with respect to the instant motion, this Court adopts Kraayenbrink's citizen suit exception. The reasoning set forth by Judge Acosta in Northwest Envir. Advocates, 2019 WL 6977406, at *12-14 is particularly persuasive, and places this decision in line with

other rulings from the Eastern District.  See Nat. Res. Def. Council v. Zinke, 347 F.Supp.3d 465, 500-01 (E.D. Cal. 2018); Conservation Congress v. U.S. Forest Service, No. 12-cv-02416-WBS-KJN, 2013 WL 2457481, at *3 (E.D. Cal. June 6, 2013).  This Court declines to wade into the thicket of pronouncing when the Ninth Circuit has abrogated a prior decision sub silentio. Accepting Defendants' position would require that type of endeavor.

Plaintiffs seek to supplement their First and Second Claims with Exhibit C to Malone's declaration.  Both claims arise under the ESA's citizen suit provision; they therefore fall within Kraayenbrink's exception.  The Court grants Plaintiffs' motion to supplement the administrative record of these claims.

## II.   ORDER

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' motion to supplement the administrative record.  The Court GRANTS Plaintiffs' motion to supplement the record of their NEPA failure-to-supplement claim with Exhibits A and B.  The Court also GRANTS Plaintiffs' motion to supplement the administrative record of their ESA claims with Exhibit C to their motion.  The Court, however, DENIES Plaintiffs' motion to supplement the record of their NEPA hard-look claim with Exhibit A or B.

IT IS SO ORDERED.

Dated: May 27, 2020

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

11